**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

Case No. 06-30130

VICTORIA LYNN WAGNER

      Debtor

**MEMORANDUM ON OBJECTION BY NEW
FALSE CORPORATION TO CONFIRMATION OF
AMENDED CHAPTER 13 PLAN**

**APPEARANCES:**    RICHARD M. MAYER, ESQ.
      1111 Northshore Drive
      Suite S-570
      Knoxville, Tennessee  37919
      Attorney for Debtor

    HODGES, DOUGHTY & CARSON, PLLC
      Keith L. Edmiston, Esq.
      Post Office Box 869
      Knoxville, Tennessee  37901-0869
      Attorneys for New Falls Corporation

    GWENDOLYN M. KERNEY, ESQ.
      Post Office Box 228
      Knoxville, Tennessee  37901
      Chapter 13 Trustee

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This contested matter is before the court upon the Objection By New Falls Corporation to Confirmation filed on February 21, 2006, and on the Objection By New Falls Corporation to Confirmation of Amended Chapter 13 Plan filed on April 5, 2006 (collectively, Objection to Confirmation), asking the court to deny confirmation of the Debtor's Chapter 13 Plan filed on January 30, 2006, as amended on March 31, 2006. The Debtor filed a second amended plan on April 18, 2006, to which New Falls Corporation's Objection to Confirmation also applies.

The Objection to Confirmation raises questions of law that can be resolved on briefs without an evidentiary hearing. The court, by agreement of the parties at a scheduling conference held on April 26, 2006, and pursuant to an Order entered on April 28, 2006, directed that it would take judicial notice of certain undisputed facts, all of which are set forth with specificity in the Order.

The Debtor filed her Brief in support of confirmation on April 18, 2006, and the Brief of New Falls Corporation in Opposition to Confirmation of the Debtor's Chapter 13 Plan, As Amended, was filed on April 19, 2006.[1] New Falls Corporation also filed a Notice of Filing Proof of Claim in Support of Opposition to Confirmation of the Debtor's Chapter 13 Plan, As Amended, on April 19, 2006, to which is appended a copy of its Proof of Claim. The Debtor does not dispute New Falls Corporation's claim.

This is a core proceeding. 28 U.S.C. § 157(b)(2)(L).

---

[1] The April 28, 2006 Order allowed the Debtor to file a supplemental brief by May 10, 2006, with New Falls Corporation to have ten days to respond. No supplemental brief was filed.

# I

The Debtor has a prior bankruptcy case, No. 05-33794, commenced under Chapter 7 on July 13, 2005. On August 15, 2005, New Falls Corporation filed a $68,593.98 claim in that case, secured by a lien on the Debtor's residence at 127 Ayres Lane, Sweetwater, Tennessee (Residence). The Debtor's personal liability to New Falls Corporation was extinguished through the discharge she received in the Chapter 7 case on November 8, 2005.

On January 30, 2006, the Debtor filed the Voluntary Petition commencing the present Chapter 13 case, and on February 27, 2006, New Falls Corporation filed a claim in the amount of $72,542.12, with that claim being designated as "secured" by the Residence. New Falls Corporation also asserts in its claim that the Debtor owes a prepetition arrearage of $7,542.70.

The original Chapter 13 plan filed by the Debtor on January 30, 2006, proposed bi-weekly payments of $420.00 for 60 months, with a 100% dividend to unsecured creditors.[2] With respect to New Falls Corporation, the Debtor proposed monthly "maintenance installments" of $568.00 to be paid inside the plan by the Chapter 13 Trustee.[3] She also proposed to cure an $8,000.00 "arrearage," listed as owing New Falls Corporation through monthly installment payments of $160.00. On February 21, 2006, New Falls Corporation objected to confirmation of the January 30, 2006 plan on grounds that the Debtor's case was not filed in good faith, the Debtor's plan was not proposed in good faith, the Debtor's plan did not propose to pay the "arrearage" within a reasonable

---

[2] The Debtor, presumably because of the discharge received on November 8, 2005, in the prior Chapter 7 case, lists no unsecured creditors in this Chapter 13 case.

[3] The "maintenance installments" are those originally required under the terms of the November 29, 1999 Note executed by the Debtor in favor of New Falls Corporation's predecessor in interest, Citizens Bank.

3

time, the Debtor's plan proposed an improper modification of the monthly "maintenance" payment, and the Debtor's plan was not feasible.

The Debtor filed an Amended Plan on March 31, 2006, proposing bi-weekly payments of $420.00 for 60 months, plus all tax refunds in excess of $1,500.00.  With respect to New Falls Corporation, the March 31, 2006 Amended Plan proposed monthly "maintenance installments" of $728.00 commencing in March 2006, and continuing for 59 months, with a balloon payment for the balance due in the 60th month.  New Falls Corporation objected to confirmation of the March 31, 2006 Amended Plan on April 5, 2006, arguing that the Debtor's case was not filed in good faith, that the Debtor's Amended Plan was not filed in good faith, did not propose periodic payments in equal installments, and proposed an improper modification by understating her required monthly payment, and that the Debtor's Amended Plan was not feasible because it did not provide a reasonable basis to assure that the Debtor could make the proposed balloon payment in the 60th month and did not contain certification language and/or a 180-day bar to re-filing.

On April 18, 2006, the Debtor filed a second Amended Plan, again proposing bi-weekly payments of $420.00 for 60 months, plus all tax refunds in excess of $1,500.00.  With respect to treatment of the New Falls Corporation claim, the April 18, 2006 Amended Plan proposes monthly "maintenance installments" of $728.00 commencing in March 2006, and continuing for 23 months, with a balloon payment for the balance due in the 24th month.[4]  The April 18, 2006 Amended Plan also contains the following language: "In the event that the Debtor fails to make a Chapter 13

---

[4] With the exception of CitiFinancial, a secured creditor whose claim is "[t]o be paid outside the plan by [a] cosigner," New Falls Corporation is the only creditor provided for in the April 18, 2006 Amended Plan.  The court is, therefore, perplexed by the Debtor's proposal of a 60-month plan that, were it to be confirmed, would be fully performed in 24 months.

4

payment, upon certification of such failure by the Chapter 13 Trustee, the Debtor's Chapter 13 shall be dismissed without the necessity of a hearing, and shall be prohibited from refiling for a period of 180 days."

The April 28, 2006 scheduling Order sets forth the issue to be resolved by the court as follows: "whether the Debtor's proposed treatment of New Falls Corporation's lien claim encumbering real property at 127 Ayers Lane, Sweetwater, Tennessee, i.e., payment 'by the Trustee in monthly maintenance installments of $728.00 commencing the month and year of 03-06 for 23 months with a balloon payment for the balance due and owing to be paid on the 24th month of the plan in full' meets the confirmation requirements of 11 U.S.C. § 1325(a)(5)(B) (2005) and otherwise meets the confirmation requirements of 11 U.S.C. § 1325 (2005)."

## II

Confirmation of Chapter 13 plans is governed by several inter-related statutes, beginning with 11 U.S.C. § 1325(a), setting forth the requirements governing confirmation of a debtor's plan, which, as material to this contested matter, are as follows:

(a)  Except as [otherwise] provided . . . the court shall confirm a plan if—

   (1)  the plan complies with the provisions of this chapter and with the other applicable provisions of this title;

   . . . .

   (3)  the plan has been proposed in good faith and not by any means forbidden by law;

   . . . .

   (5)  with respect to each allowed secured claim provided for by the plan—

5

 (A) the holder of such claim has accepted the plan;

 (B)(i) the plan provides that—

  (I) the holder of such claim retain the lien securing such claim until the earlier of—

   (aa) the payment of the underlying debt determined under nonbankruptcy law; or

   (bb) discharge under section 1328; and

  (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;

 (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and

 (iii) if—

  (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and

  (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or

 (C) the debtor surrenders the property securing such claim to such holder;

(6) the debtor will be able to make all payments under the plan and to comply with the plan; [and]

(7) the action of the debtor in filing the petition was in good faith[.]

11 U.S.C. § 1325(a) (2005); *see also* 11 U.S.C. § 1322 (2005) (designating both the mandatory and permissive contents of a Chapter 13 plan).

When she received the discharge in her prior Chapter 7 case, the Debtor's personal liability to New Falls Corporation was extinguished. *See In re Akram*, 259 B.R. 371, 374 (Bankr. C. D. Cal. 2001) ("[T]he effect of the . . . discharge is to prevent the creditor from seeking to collect any claim—secured or unsecured—as the personal liability of the debtor."). Nevertheless, a "lien created prior to the bankruptcy to secure the debt will survive the bankruptcy discharge[.]" *In re Geiger*, 260 B.R. 83, 88 (Bankr. E.D. Pa. 2001). In other words, "[t]he only effect of the prior chapter 7 discharge on [a] secured creditor[ is] that the secured creditor[] no longer ha[s] the right to collect [its] secured claim[] as an *in personam* liability of the debtor[]." *Akram*, 259 B.R. at 378.

> Even after the debtor's personal obligations have been extinguished, the mortgage holder still retains a "right to payment" in the form of its right to the proceeds from the sale of the debtor's property. Alternatively, the creditor's surviving right to foreclose on the mortgage can be viewed as a "right to an equitable remedy" for the debtor's default on the underlying obligation. Either way, there can be no doubt that the surviving mortgage interest corresponds to an "enforceable obligation" of the debtor.

*Johnson v. Home State Bank*, 111 S. Ct. 2150, 2154 (1991). And, because discharge of personal liability does not extinguish a lien, it is permissible for a debtor to include in an otherwise confirmable Chapter 13 plan re-payment of a mortgage lien that survives a prior Chapter 7 case unaffected and remains a "claim" under 11 U.S.C. § 101(5) (2005). *Home State Bank*, 111 S. Ct. at 2154; *see also Soc'y Nat'l Bank v. Barrett (In re Barrett)*, 964 F.2d 588, 589 (6th Cir. 1992).

> The protections that a straight chapter 13 would afford a secured creditor can be circumvented to some extent using a (perhaps unintended) quirk in the Bankruptcy Code that permits a "chapter 20" – a chapter 7 bankruptcy case followed very quickly by a chapter 13 case. The chapter 7 turns a recourse loan held by a secured creditor into a nonrecourse loan, and then the chapter 13 case treats the installment

>       payments due on this debt through a payment plan while the automatic stay prevents repossession or foreclosure. Even then, (1) the concept of adequate protection guards the value of the secured creditor's interest in the collateral, (2) the debtor would need to have a stable source of income in the chapter 13 case, (3) the holders of mortgages on primary residences could only have their secured claims prospectively modified to the extent that the debtor pays arrears through the course of the plan, and (4) other secured creditors not protected by the anti-modification clause would be entitled to plan payments equaling the present value of the collateral under § 1325(a)(5) and § 506(a).

*In re Amoakohene*, 299 B.R. 196, 205 n.8 (Bankr. N.D. Ill. 2003) (citing *Home State Bank*, 111 S. Ct. at 2155-56); *see also In re Donahue*, 231 B.R. 865, 873 (D. Vt. 1998) (allowing a debtor to extend his plan for 60 months in order to fully cure his "long term mortgage obligation" within that time frame).

In her Brief, the Debtor states that she filed this Chapter 13 case in order to avoid foreclosure, "cure the arrearage, and provide for the monthly maintenance payment on her mortgage." She also states that she attempted to provide New Falls Corporation with equal monthly payments, but since it objected to that treatment, she now proposes equal monthly payments of $728.00 for 23 months, with a balloon payment for the balance of New Falls Corporation's claim in the 24th month. On the other hand, she states that if New Falls Corporation would agree to the Debtor's proposed treatment in the original January 30, 2006 Plan, she would prefer to pay New Falls Corporation through monthly maintenance payments of $568.00, as if its claim were a long-term debt with the lien surviving the completion of her plan, together with $160.00 per month to cure the arrearage claim. The Debtor also agrees to retain the certification and 180-day bar language found in the April 18, 2006 Amended Plan. New Falls Corporation, as evidenced by its Objection to Confirmation, does not agree to the Debtor's treatment of its lien claim under any of her three plans.

8

In its brief, New Falls Corporation argues that, assuming the monthly payments are timely made, together with the 9.6% contractual rate of interest, the Debtor would be required to pay $68,829.49 in the 24th month, an amount which is clearly not equal to the other 23 payments. New Falls Corporation also argues that if the Debtor is seeking to refinance and make the balloon payment in the 24th month, she must provide some evidence concerning her ability to refinance, which she has not done. For that reason, New Falls Corporation argues that the Debtor's April 18, 2006 Amended Plan is not feasible, as it does not demonstrate that, after taking into consideration all of her circumstances, there is a reasonable likelihood that the Debtor will be able to make all of the payments provided for under the plan and comply with the terms thereof. *See* 11 U.S.C. § 1325(a)(6); *In re Nosker*, 267 B.R. 555, 562 (Bankr. S.D. Ohio 2001).

It appears the Debtor believes that, because New Falls Corporation objected to allowing her to pay its lien claim through long-term mortgage maintenance payments,[5] she does not have to comply with § 1325(a)(5)(B)(iii)(I) and provide equal monthly payments. However, under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), payments to secured creditors must be in equal amounts. "The language in amended section 1325(a) of [BAPCPA], . . . which addresses the components necessary to confirm a plan, reinforces the importance of maintaining the creditor's lien rights. Unlike the previous section 1325, the new language seems to require that payments made after confirmation be in equal amounts and keep pace with depreciation during the term of the plan." *Americredit Fin. Servs., Inc. v. Nichols (In re*

---

[5] Pursuant to 11 U.S.C. § 1322(b)(5), a chapter 13 plan may "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any . . . secured claim on which the last payment is due after the date on which the final payment under the plan is due."

*Nichols)*, 440 F.3d 850, 857 n.6 (6th Cir. 2006); *see also In re DeSardi*, ___ B.R. ___, 2006 WL 1061893, at *13 (Bankr. S.D. Tex. Apr. 21, 2006) ("The Court understands [§ 1325(a)(5)(B)(iii)(I)] to require payments to be equal once they begin, and to continue to be equal until they cease."). Accordingly, in order to obtain confirmation, the Debtor's plan must provide for equal monthly payments to New Falls Corporation over the life of the plan until the lien claim is satisfied. Such treatment cannot then allow for a balloon payment in the final month, as proposed by the Debtor. Accordingly, the Debtor's April 18, 2006 Amended Plan is not confirmable under § 1325(a)(5)(B).[6]

Both the Debtor and New Falls Corporation appear to believe that the Debtor has accrued a prepetition arrearage calculated on the number of monthly payments she has failed to make under the Promissory Note that she executed when she incurred her obligation to New Falls Corporation prior to filing her Chapter 7 case on July 13, 2005. However, because the Debtor's personal liability to New Falls Corporation was extinguished on November 8, 2005, when she received her discharge in the Chapter 7 case, there were no maintenance payments to which New Falls Corporation was entitled. In fact, the Debtor is under no obligation to make any payment to New Falls Corporation because she has no personal liability on the Note that originally fixed the amount of her debt. New Falls Corporation has an *in rem* claim against the Debtor's Residence and nothing more. If an

---

[6] This ruling comports with pre-BAPCPA case law holding that when an underlying mortgage debt has been discharged in an earlier Chapter 7 case, the value of the lien must be paid during the life of a subsequent Chapter 13 case, rather than treated as an ongoing maintenance obligation. *See Johnson*, 111 S. Ct. at 2152; *Mass. Hous. Fin. Agency v. Evora*, 255 B.R. 336, 338-39 (D. Mass. 2000) (plan where remaining mortgage was to be paid in full over 60 months was confirmed); *In re Donahue*, 231 B.R. 865, 873 (D. Vt. 1998) (allowing a debtor to extend his plan for 60 months in order to fully cure his "long term mortgage obligation" within that time frame); *In re Govan*, 139 B.R. 1017, 1021-22 (Bankr. N.D. Ala. 1992) (plan proposed to cure mortgage balance, plus interest, over life of the plan).

arrearage claim exists, that claim is in the entire amount of New Falls Corporation's lien claim, $72,542.12, plus accruing interest and attorneys' fees.[7]

New Falls Corporation also argues that the Debtor's April 18, 2006 Amended Plan should not be confirmed because it was not filed in good faith as required by § 1325(a)(3) and because the Debtor's case was not filed in good faith, as required by § 1325(a)(7). All debtors are required to file and proceed in their bankruptcy cases in good faith, and in making a good faith determination, the court should consider the totality of the circumstances, based upon the Debtor's past and present circumstances, by considering the following factors: (1) her motivation for filing for bankruptcy; (2) whether this is the first or subsequent filings; (3) the types of debts and how the Debtor has dealt with her creditors; (4) whether the proposed payments are a mockery to other debtors; (5) the burden of administrating the plan; and (6) the Debtor's prospects for rehabilitation. *In re Glenn*, 288 B.R. 516, 519-20 (Bankr. E.D. Tenn. 2002) (citing *Barrett*, 964 F.2d at 591 and *In re Sexton*, 230 B.R. 346, 351 (Bankr. E.D. Tenn. 1999)).

Upon consideration of the above factors, the court does not find New Falls Corporation's argument that the Debtor's bankruptcy case and the April 18, 2006 Amended Plan were not filed in good faith to be persuasive. While the Debtor has two prior cases, the July 13, 2005 Chapter 7 case, No. 05-33794, and a second Chapter 7 case, No. 05-35496, filed on September 26, 2005, the court does not find that these prior cases make the Debtor a "serial" filer. The second Chapter 7 case, No. 05-35496, was filed due to an error on the part of the Debtor's prior attorney and was dismissed on

---

[7] The Debtor has listed the value of the Residence in the schedules accompanying her Voluntary Petition at $80,000.00. Assuming the accuracy of this value, the amount of New Falls Corporation's lien claim will continue to increase due to accruing interest and expenses called for under the terms of the Note executed by the Debtor. Of course, the lien claim cannot achieve any amount greater than the value of the Residence.

11

October 24, 2005, while her first Chapter 7 case was still pending. Other arguments surrounding the good faith issue advanced by New Falls Corporation are not sufficient to convince the court that the Debtor did not proceed with either the filing of her bankruptcy case or her April 18, 2006 Amended Plan in good faith under § 1325(a)(3) and (7).

Because the court has determined that the April 18, 2006 Amended Plan does not comply with the confirmation requirements of 11 U.S.C. § 1325(a)(5)(B) regarding the treatment of New Falls Corporation's lien claim, the § 1325(a)(6) feasibility issue need not be addressed.

For the above reasons, New Falls Corporation's Objection to Confirmation will be sustained and confirmation of the Debtor's April 18, 2006 Amended Plan will be denied. A hearing will be fixed by the court requiring the Debtor to show cause why this bankruptcy case should not be dismissed.

FILED: May 22, 2006

BY THE COURT

/s/ RICHARD STAIR, JR.

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE